IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAN PATRICK McCAUL,<br><br>                Plaintiff,<br><br>vs.<br><br>FIRST MONTANA BANK, INC., (a Montana Corporation), CHRIS DuTOIT, and Does 1 through 10,<br><br>                Defendants. | CV 17-41-BU-BMM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

      This matter is before the Court on Defendants First Montana Bank, Inc. and Chris DuToit's Fed. R. Civ. P. 12(b)(1) and (b)(6) motion to dismiss. In response to the motion Plaintiff Dan McCaul asserts he intends to file a motion for leave to amend his present pleading to include necessary facts that came to light after he filed his Second Amended Complaint. (Doc. 80 at 7 of 34 n.2.) For example, in his brief McCaul presents additional facts not set forth in his pleading which seek to support his contention that an "enterprise" existed as is necessary to plead his claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (Doc. 80 at 21-22 of 34.)

      Furthermore, in the parties' recent stipulation to amend the scheduling order they acknowledged that McCaul served discovery requests upon Defendants in

1

March, 2018, that Defendants requested an extension of time to respond to those discovery requests, and McCaul agreed to allow Defendants until the week of May 20, 2018, to serve their responses.[1] (Doc. 85 at 2.) Thus, McCaul represents that based on the discovery responses he anticipates receiving after May 20, 2018, he may seek to amend his pleading. (Doc. 85 at 2.) Defendants' counsel signed the stipulation and, therefore, Defendants are at least aware of McCaul's intent to seek leave to amend.

If McCaul moves for leave to amend his pleading as intended, he would be obligated to demonstrate "good cause" under Fed. R. Civ. P. 16(b)(4) to extend the deadline for amendment of pleadings, and he would have to satisfy the standard for granting leave to amend under Fed. R. Civ. P. 15(a). Where, as here, the deadline for amendment of pleadings has expired, a litigant must first satisfy the "good cause" standard of Rule 16(b)(4) before he can invoke the liberal amendment standards of Rule 15(a). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)).

---

[1]The Court granted the parties' stipulation and extended the pretrial schedule and trial date by approximately 5 months. But the deadline for amendment of pleadings was previously set for January 5, 2018, and the new scheduling order did not extend that deadline. (Doc. 74 at 1.)

But if the Court were satisfied that McCaul's intended motion for leave to amend presented sufficient information to meet the referenced standards under Rules 15 and 16 and, therefore, grants the motion for leave to amend, then Defendants' present motion to dismiss would be rendered moot by the filing of another amended pleading. Furthermore, the Court's expenditure of time and resources to address the merits of Defendants' present motion to dismiss and to issue a recommendation to the presiding District Judge would be wasted if an amended pleading is filed.

The federal courts have "broad discretion in supervising the pretrial phase of litigation[]" (*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)), and "inherent power to control their docket" (*Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)) "in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (same).

Under the circumstances of this case, and McCaul's expressed intent to seek leave to file an amended pleading, the Court concludes further time and resources spent on the present motion to dismiss would constitute an unnecessary waste of judicial resources. Therefore, the Court exercises its inherent authority to control

the matters on its docket, and IT IS HEREBY ORDERED that on or before June 8, 2018, McCaul shall file his intended motion for leave to file an amended pleading in compliance with Fed. R. Civ. P. 15 and 16(b)(4).

In view of McCaul's opportunity to move for leave to amend, IT IS HEREBY RECOMMENDED that Defendants' Fed. R. Civ. P. 12(b)(1) and (b)(6) motion to dismiss be DENIED with leave to renew. Defendants should be permitted to renew their motion to dismiss after McCaul files his amended pleading if the Court grants him leave to do so, or after June 8, 2018, if McCaul elects not to move for leave to amend.

The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings and recommendation must be filed on or before May 17, 2017. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (the court need not give the parties the full statutory period set forth in 28 U.S.C. § 636(b)(1) within which to file objections).

DATED this 10th day of May, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge