IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAN PATRICK McCAUL,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST MONTANA BANK, INC., (a Montana Corporation) individually, Chris DuToit, Joe Kesler, Adam McQuiston, Cathy Ness, Debbie Fisher, Jana Wallace, Joan Ray, Attorney Greg Black, Attorney Martin S. King and Roes and Does 1 through 10,<br><br>Defendants. | CV 17-41-BU-BMM-JCL<br><br>ORDER |

Counsel for Plaintiff Dan Patrick McCaul ("Counsel") have filed a motion to withdraw as counsel pursuant to District of Montana Local Rule 83.3, and a corresponding motion for a 90 day stay of proceedings to give Plaintiff adequate time to retain new counsel or appear pro se. Defendants oppose both motions.

1

The procedural and substantive requirements for the withdrawal of counsel are set forth in Local Rule 83.3, which requires leave of court "[w]hen an attorney's withdrawal will leave any party without counsel for any period of time."[1] Whether to grant or deny a motion to withdraw in a civil case is within the Court's discretion. *Marshall v. Billings Clinic*, 2016 WL 1312012 *1 (D. Mont. Apr. 4, 2016) (citing several cases). See also, *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). District courts in the Ninth Circuit consider "several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay." *Marshall*, 2016 WL 1312012 *1 (quoting *Arch v. Ins. Co. v. Sierra Equipment Rental, Inc.*, 2016 WL 829208 *1 (E.D. Cal. March 3, 2016)).

With respect to the first factor, Counsel explain they are seeking to withdraw on the ground that "fundamental differences make it unreasonably

---

[1] Local Rule 83.3 also requires an affidavit of counsel showing that a notice of intent to file a motion to withdraw was personally served on the client at least 14 days prior to filing the motion to withdraw. L.R. 83.3(b)(2)(B)(i). Counsel served Plaintiff with the requisite notice on October 15, 2018, and filed their motion to withdraw one week later. Although Counsel filed their motion before the 14 day time period ended, the Court will waive this requirement under the circumstances and consider their motion to withdraw on the merits. See Local Rule 1.1(c) (allowing a judge to excuse the parties in a specific case from complying with a local rule if the order will affect only the parties).

difficult" for them to adequately represent Plaintiff in this matter. (Doc. 103, at 2). As required by Local Rule 83.3, Counsel have filed supporting affidavits setting forth the factual basis of their motion to withdraw in more detail. (Doc. 104). While Counsel's stated reasons for seeking withdrawal are legitimate, the Court finds that the remaining factors weigh against granting the motion.

Allowing Counsel to withdraw at this point in the litigation would prejudice their client, as well as the other litigants. Discovery is set to close in just two weeks -- on November 12, 2018 -- and there are several depositions scheduled to take place before then. (Docs. 86; 101, at 4 n.1). In addition, all motions must be fully briefed by December 17, 2018, and trial is set to begin on February 19, 2019. (Doc. 86). If Counsel are allowed to withdraw at this late stage, Plaintiff would be prejudiced by having to meet these deadlines while proceeding pro se or find new counsel to represent him with several pretrial deadlines looming and trial fast approaching. Likewise, Defendants would be prejudiced by having their pretrial preparations interrupted and resolution of the claims against them delayed.

Counsel argue any prejudice to Plaintiff would be minimized by staying these proceedings for 90 days, extending the remaining pretrial deadlines, and vacating the trial date. While an order to that effect might alleviate some of the prejudice to Plaintiff, it would correspondingly result in additional prejudice to

Defendants. This case was filed by Plaintiff, appearing pro se, on June 30, 2017. Counsel appeared in the case on behalf of Plaintiff on December 10, 2017, at which time the scheduling order was amended to accommodate counsel. (Doc. 74). The schedule was again amended to pursuant to stipulation of the parties, with the trial date extended by five months. (Doc. 86). Allowing Counsel to withdraw at this juncture would require a similar extension to give Plaintiff time to find new counsel or prepare to proceed pro se, thereby prejudicing the administration of justice and further delaying a final resolution in the case.

Because allowing Counsel to withdraw with the discovery and motions deadlines looming and trial just a few months away would prejudice the parties, hinder the administration of justice, and delay the ultimate resolution of the case,

IT IS ORDERED that Counsel's Expedited Motion for Leave to Withdraw as Counsel for Plaintiff (doc. 102) and Expedited Motion for Stay (doc. 100) are DENIED.

DATED this 30th day of October, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge